# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-182 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JUSTIN MCINTOSH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Justin McIntosh ("McIntosh") for bond. (Doc. No. 25 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 28 ["Opp'n"].) For the reasons that follow, McIntosh's motion is DENIED.

## I. BACKGROUND

On March 27, 2019, an indictment issued charging McIntosh with two counts of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. No. 1 [Indictment].) At his arraignment on September 25, 2019, McIntosh waived his right to a detention hearing and agreed to be held without bond pursuant to 18 U.S.C. § 3142(e) and (i), but he reserved the "right to revisit the issue of detention at a later date should circumstances change." (Doc. No. 7 [Waiver of Detention Hearing and Order ("Waiver")] at 19.)

On December 23, 2019, McIntosh, pursuant to a plea agreement, entered a plea of guilty to the charges in the Indictment. (12-23-2019 Minutes; Doc. No. 19 [Plea Agreement].) McIntosh is set to be sentenced by this Court on June 17, 2020.

**II. DISCUSSION**

In his motion filed April 1, 2020, McIntosh moves the Court "to set bond so that he can be released pending sentencing, and to issue an [o]rder of [r]elease pursuant to Federal Rule of Criminal Procedure 46(c) and Title 18 U.S.C. § 3142[.]" (Mot. at 121.) But release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions.[1] *See, e.g., United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020). Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of a qualifying crime, the Court must order the defendant detained. One category of qualifying crimes involves offenses for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801. Here, McIntosh is subject to the mandatory presumption of detention as he has been convicted of distribution of heroin, an offense under the Controlled Substance Act that carries a maximum term of imprisonment of twenty years.

Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight or danger. 18 U.S.C. § 3145(c) (emphasis added). Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing

---

[1] 18 U.S.C. § 3142 governs "[r]elease or detention of a defendant pending trial[.]" Rule 46(c), in turn, makes clear that the provisions of 18 U.S.C. § 3143 govern release pending sentencing and impose the "burden of establishing that the defendant will not flee or pose a danger to any other person or to the community" on the defendant. Fed. R. Crim. P. 46(c).

2

evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

The Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See* Opp'n at 129; Plea Agreement at 62-63.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight or danger. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that McIntosh is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). McIntosh has not identified *any* evidence in the record that would support a finding of unique circumstances giving rise to situations that are out of the ordinary, as they pertain to him, that would be sufficient to overcome the presumption in favor of detention.[2] For this reason alone, his motion fails.

McIntosh has also failed to establish that he is not a risk of danger to another or the community. The nature and seriousness of the present charges, including the pending state court charges that involved a violent assault of his girlfriend, demonstrate that McIntosh's release

---

[2] McIntosh does not cite the current health crisis surrounding the COVID-19 pandemic as a basis for his motion. Even if he had, McIntosh has not demonstrated that he has COVID-19, that he has been exposed to the virus, or that he is at a heightened risk of contracting the virus. Further, as the government notes, significant steps have been taken by the U.S. Marshals Service and by officials at McIntosh's penal institution to address the health threats posed by COVID-19. (Opp'n at 136-38.)

would put the community at risk. He has offered nothing to convince the Court otherwise.

Finally, McIntosh has failed to come forward with clear and convincing evidence that he is not a flight risk. The only facts he offers on the subject are his representations that, if released, he would reside with his mother in Lorain, Ohio, and that he has strong ties to the community. (Mot. at 122.) But family and community ties, alone, are insufficient to overcome the presumption of detention. *See United States v. Rankin*, 289 F. Supp. 3d 846, 850 (S.D. Ohio 2017) ("Strong family and community ties are relevant to a defendant's risk of flight, but are rarely dispositive of the issue, especially where a statutory presumption in favor of detention arises."); *see also United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001). Balanced against these facts is the reality that McIntosh (1) is facing a significant prison sentence, especially if he is determined to be a career offender under the federal sentencing guidelines (*see* Plea Agreement at 62-63), (2) has a history of substance abuse (Doc. No. 23 [Final Presentence Investigation Report ("PSR")] at 107-08), and (3) has pending state court charges for assault.

McIntosh suggests that he could be subject to GPS monitoring and other controls to ensure his presence at further court proceedings. (Mot. at 122-23.) But given McIntosh's criminal history and his history of substance abuse, the Court questions whether such controls would be sufficient. The Court is also far from convinced that he would remain compliant on temporary release, and this is especially concerning in light of the current health crisis surrounding the COVID-19 pandemic. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into

custody." *United States v. Clark*, No. 19-40068-10-HLT, 2020 WL 1446895, at *7 (D. Kan. Mar. 25, 2020. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during the present health crisis surrounding the COVID-19 pandemic, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19—notwithstanding defendant's asthma, high blood pressure, and diabetes—noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

### III. CONCLUSION

For the foregoing reasons, as well as the reasons in the government's opposing brief, McIntosh's motion for bond is denied.

**IT IS SO ORDERED**.

Dated: April 22, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**